STATE of Missouri, Respondent,

v.

Wesley P. WILLIAMS, Appellant.

No. WD 33318.

Missouri Court of Appeals,
Western District.

Dec. 14, 1982.

Gary E. Ravens, Marceline, for appellant.

John E. Casey, Linn County, Pros. Atty.,
Brookfield, for respondent.

Before MANFORD, P.J., and WASSER-
STROM and KENNEDY, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from a jury convic-
tion for disturbing the peace in violation of
§ 574.010, RSMo 1978, and resisting arrest
in violation of § 575.150, RSMo 1978. The
judgment is affirmed.

This cause originated before the Honora-
ble Walter E. Allen, and he disqualified
himself and ordered the case to the presid-
ing circuit judge for reassignment. Reas-
signment was made to the Honorable
George S. Thompson, Associate Circuit
Judge.

In this appeal, appellant charges that the
trial court erred (1) in overruling appel-
lant's objections to the jury panel because
of the age, marital status and geographical
location from which the jurors were drawn;
and (2) in denying appellant's motion to
disqualify the prosecutor for prejudice.

The sufficiency of the evidence is not
challenged and a brief summary suffices.

Appellant entered a bar known as The
Keg, located in the city of Brookfield, Mis-
souri at about 6:00 or 6:30 p.m. the night of
January 9, 1981. Appellant seated himself
at the bar and commenced to drink.
Around 10:30 or 11:00 p.m., he got up from
the bar and walked across the room, and in
the process, staggered into a table and
chair. Employees of the bar decided that
appellant should leave, asked him to leave,
and helped him to the door.

Appellant was then observed back on the
dance floor, dancing by himself and lying
down on the dance floor. He was assisted
to his feet. He ordered another drink, but
his request was refused. Over his protest,
appellant was assisted to the front door.
At this point, he struck the "dee-jay" and
knocked him through the front door. A
female bar employee observed appellant us-
ing loud and obscene language and grab-
bing a patron by the door. When she tried
to get appellant to free the patron, appel-

lant struck her. At this point, appellant was pushed through the front door and the police were called.

The police arrived. Appellant cursed the police, removed his hat, coat, and one shoe, and commenced swinging at one of the officers. Appellant then ran down the street. The officers got into their patrol car, drove around the block, inquired of a pedestrian if appellant had been seen, entered another tavern from which appellant exited at the rear, and apprehended appellant at the rear of this second tavern.

Evidence for the defense consisted of two witnesses. These witnesses, in summary, testified that appellant was observed being escorted to the front door, and that appellant was using loud and obscene language, but that appellant was not observed striking the female bar employee. Another witness stated he observed only the activities outside The Keg, which included appellant's standing outside talking to another man, the arrival of the police officers and their grabbing of appellant, and the latter running down the street.

The evidence closed. The jury returned its verdict of guilty on both counts. Punishment upon Count I (disturbance of the peace) was a term not to exceed seven days. Punishment upon Count II (resisting arrest) was a term not to exceed 60 days. This appeal followed.

■ Point (1) is ruled against appellant. There is no showing upon the record, nor does appellant display upon this appeal, any constitutional violation relative to the jury array. Appellant's argument can be broken down to three areas. He first challenges the geographical location of the jurors, charging that six of the panel were from Purdin, four from Browning, three from Laclede and two from Meadville. Appellant concedes that there was no evidence presented concerning the population distribution of Linn County, but urges that the trial court could take judicial notice of the fact that the larger portion of the county population comes from remaining areas of the county. Appellant cites *Taylor v. Louisiana*, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d

690 (1975) for the mere proposition that an accused is entitled to an impartial jury drawn from a fair cross-section of the community.

Not only does appellant fail to show that the jury selected was not representative of a fair cross-section of the community, but as appellant concedes, our state Supreme Court has expanded the criteria necessary to prove a violation of the Sixth Amendment guarantee of a fair cross-section of the community in *State v. Alexander*, 620 S.W.2d 380 (Mo. banc 1981). Appellant's challenge to the panel array on the basis of geographical location fails and is ruled by *Alexander*. See also *United States v. Young*, 618 F.2d 1281, 1288 (8th Cir.1980), cert. denied 449 U.S. 844, 101 S.Ct. 126, 66 L.Ed.2d 52 (1980).

■ A second challenge to the panel was on the basis of the age of the prospective jurors. Again, appellant fails to note (other than a vague suggestion that his Sixth Amendment rights were violated) any substantive denial of his constitutional right. Appellant concedes that he was not entitled to a jury of his own age group, but merely alleges that the "law-representative of persons under the age of 40 years and 30 years further violates the fair cross-section of the community." *Alexander* disposes of this contention because there is a total absence of any showing of systematic exclusion of any specific age group.

Under his last contention within point (1), that the marital status of the jury panel was violative of appellant's "fair cross-section of the community," this contention is likewise disposed of by *Alexander*.

Point one is meritless and is ruled against appellant.

Point two is ruled against appellant.

Appellant contends that the court erred by denying his motion to disqualify the prosecutor pursuant to § 56.110, RSMo 1978 and *State v. Harris*, 477 S.W.2d 42 (Mo. 1972). At the outset, it is to be noted that nothing in this record brings this case within either § 56.110 or *Harris*.

Appellant's argument under this final point is bifurcated as follows. The prosecutor should have been disqualified because of (1) prior prosecutions of this appellant and (2) this prosecutor had been disqualified in a prior prosecution of this appellant.

As to appellant's first argument, this matter is resolved by *State v. Burton,* 544 S.W.2d 60 (Mo.App.1976) and *State v. Holt,* 603 S.W.2d 698 (Mo.App.1980). See also *State v. Newman,* 605 S.W.2d 781 (Mo. 1980).

Concerning appellant's second contention that the prosecutor was disqualified in a prior proceeding against appellant, further discussion is necessary to explain fully the details and clarify the suggestion that prejudice followed what was done. Appellant had been charged previously with driving under the influence. The present prosecutor filed the charges against appellant and the case was tried with the result of a hung jury. During the pendency of the retrial, appellant moved to disqualify the prosecutor and this request was *denied.* The court then inquired of the prosecutor, and the prosecutor stated he didn't care and that since he had tried the case once, if it would make appellant feel better about the situation, he (the prosecutor) would not object to the (D.W.I.) case being transferred to Milan, Missouri and the state's case handled by another prosecutor. This is the factual background surrounding the "disqualification" of the prosecutor.

■ There is no showing of any bias against this appellant which justified the disqualification of the prosecutor. *Burton, Holt,* and § 56.110. The mere allegation of prosecutorial prejudice, even in the form of a motion, will not sustain the granting of such motion.

There is no merit to point (2) and it is ruled against appellant.

The judgment is affirmed.

All concur.